UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

NORMAN DENNIS WOODARD,

        Plaintiff,                      Case No. 2:24-cv-167

v.                                          Honorable Paul L. Maloney

ANTHONY KING,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff is serving indeterminate sentences ranging from 1 to 5 years to 1 to 30 years in prison for numerous crimes

committed in 2012, 2016, and 2019. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=650305 (last visited Nov. 21, 2024). Plaintiff's maximum release date is January 6, 2074. *Id.* Plaintiff sues Parole Board Member Defendant Anthony E. King.

In his amended complaint, Plaintiff alleges that Defendant King denied Plaintiff parole by issuing twelve-month continuances to Plaintiff on four separate occasions in violation of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments. (ECF No. 7, PageID.25.) Plaintiff also asserts that Defendant King's denial of parole constitutes double jeopardy. (*Id.*, PageID.26.)

Plaintiff alleges that on August 17, 2022, August 18, 2023, and August 27, 2024, he received continuances from Defendant King because he has a criminal history as both a juvenile and an adult, and because he has a history of major misconduct convictions while in prison. (*Id.*, PageID.27.) Plaintiff complains that he is being repeatedly punished for his past history. (*Id.*)

Plaintiff also alleges that he was told that he had to complete the Advanced Substance Abuse Treatment (ASAT) in order to qualify for parole, but he is housed in a facility that does not offer this program. (*Id.*) Plaintiff states that from May 8, 2022, until December 6, 2023, he was misconduct free. Plaintiff sent a kite to the AMF Inspector seeking CFA Approval to attend ASAT programming, but is still awaiting a response. (*Id.*)

Plaintiff contends that he wrote to the Michigan Parole Board Central Office every month, explaining that he was being housed in a facility that did not offer ASAT. Plaintiff was told that his letter would be placed in his file. (*Id.*) Plaintiff complains that he has not had a review in front of Parole Board Chairperson Brian Shipman since 2021, and has only been reviewed by Defendant King since that date. (*Id.*)

2

Plaintiff seeks compensatory, nominal, and punitive damages, as well as judicial review of Defendant King's most recent denial of parole. (*Id.*, PageID.28.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourteenth Amendment

#### 1. Due Process

Initially, the Court notes that there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system.

*Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Therefore, Defendant King's conduct did not violate Plaintiff's due process rights.

### 2. Equal Protection

Plaintiff also makes a conclusory assertion that Defendant King violated his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). As noted above, prisoners do not have a fundamental right to parole. Nor does Plaintiff allege that he is a member of a suspect class. Therefore, Plaintiff's claims are not subjected to strict scrutiny.

To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

In this case, Plaintiff fails to allege any *facts* showing that he is being treated differently than any similarly situated individual. Instead, Plaintiff's claim is entirely conclusory and consists of no more than an assertion that his equal protection rights were violated. Conclusory allegations

5

of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly show that the others were similarly situated in all relevant respects. Therefore, Plaintiff's equal protection claim is properly dismissed.

### B.     Eighth Amendment

Plaintiff makes a conclusory assertion that his Eighth Amendment rights were violated by Defendant King. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. Const., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

Plaintiff's allegations regarding the denial of parole do not involve the unnecessary and wanton infliction of pain as is required to state a claim under the Eighth Amendment. *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118, at *3 (6th Cir. Sept. 19, 2003) (*citing Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). *See also Johnson v. Booker*, No. 08–CV–12726, 2008 WL 3020878, [at] *2 (E.D. Mich. Aug. 4, 2008) (rejecting similar challenge to parole denial); *accord Lee–Bryant v. Sindles*, No. 2:08–CV–121, 2009 WL 528959, [at] *4 (W.D. Mich. March 2, 2009)

(adopting magistrate judge's report). The denial of parole is a disappointment rather than a punishment of cruel and unusual proportions. *Carnes*, 2003 WL 22177118, at *3; *Smith v. Heyns*, No. 12-11373, 2013 WL 3944474, at *9 (E.D. Mich. July 31, 2013) (citations omitted).

Likewise, "[t]he law is clear that limitations on, or the denial of, . . . rehabilitation programs do not inflict unnecessary or wanton pain and therefore do not constitute cruel and unusual punishment." *Smith*, 2013 WL 3944474, at *9 (quoting *McQuillion v. Rushen*, 639 F.Supp. 420, 424 (N.D. Cal. 1986)). Consequently, neither Defendant King's alleged failure to provide Plaintiff with ASAT programming nor his resulting ineligibility for parole consideration raises a claim under the Eighth Amendment. *Id.*; *see also Moore v. Michigan Dept. of Corrections*, No. 1:07-cv-756, 2007 WL 3124649, at *3 (W.D. Mich. Oct. 25, 2007). Therefore, Plaintiff's Eighth Amendment claim is properly dismissed.

### C.     Double Jeopardy

Plaintiff asserts that Defendant King's reliance upon his past criminal history to deny him parole violates double jeopardy. The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause prohibits multiple punishments for the same criminal offense. *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir.), *cert. denied*, 519 U.S. 999, 117 S. Ct. 496 (1996). "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez,* 27 Fed. Appx. 489, 490 (6th Cir. 2001); *Owens v. Birkett,* No. 2:07–CV–14930, 2007 WL 4327814, *2 (E.D. Mich. Dec.7, 2007) (citing *Ellick* and denying habeas relief on similar claim); *Stewart v. Flintoft,* No. 00–10487–BC, 2002 WL 31748842, *3 (E.D. Mich. Dec.2, 2002) (parole denial does not implicate the Double Jeopardy Clause because it does not extend a sentence beyond original term imposed by court); *see also*

7

*Mayrides,* 43 Fed. Appx. at 745–46 (Ohio Parole Board's decision based on nature of prisoner's conviction did not violate double jeopardy).

Because Plaintiff has no legitimate entitlement to parole prior to the completion of his sentence, the denial of parole cannot constitute double jeopardy. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). The denial of parole does not change the length of Plaintiff's sentence, but merely denies him an early release. Therefore, it cannot be viewed as the imposition of more than one punishment for the same offense. *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1992); *Alessi v. Quinlan*, 711 F.2d 497, 500 (2d Cir. 1983); *Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980); *Coronado v. U.S. Board of Parole*, 540 F.2d 216, 217 (5th Cir. 1976). Consequently, the Court will dismiss Plaintiff's double jeopardy claim.

### D.    Retaliation

Finally, Plaintiff makes a conclusory assertion that Defendant King was responsible for "retaliatory misconducts towards the Plaintiff . . . which violated his First Amendment rights." (ECF No. 7, PageID.28.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Nowhere in his complaint does Plaintiff allege any facts indicating that Defendant King took an adverse action against Plaintiff because of a desire to retaliate against him for engaging in

8

protected conduct. Plaintiff does not allege facts in support of his assertion that Defendant King was responsible for any misconduct tickets. In the body of his complaint, Plaintiff alleges only that Defendant King denied him parole based on his past criminal history and his history of major misconduct violations, neither of which constitute protected conduct. (ECF No. 7, PageID.27.)

"[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotations omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))). Plaintiff merely alleges the ultimate fact of retaliation in this action. Accordingly, his speculative allegation fails to state a claim.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee

pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 5, 2024                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge